# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E EALY

    Plaintiff,

vs.

JUDGE ALICE O' MCCOLLUM, *et al.*,

    Defendant.

Case No. 3:09-cv-0056

District Judge Thomas M. Rose
Magistrate Judge Sharon L. Ovington

# REPORT AND RECOMMENDATIONS [1]

## I. INTRODUCTION

Plaintiff Larry E. Ealy brings this case *pro se* under 42 U.S.C. § 1983 and 1985 claiming that Defendants violated his rights, and conspired against his rights, under the United States Constitution.

## II. FACTUAL BACKGROUND

Plaintiff alleges that his son, Larry L. Ealy, was detained without consent following his own voluntary admission to Good Samaritan Hospital. As his son attempted to leave the hospital, excessive force was used and he was "brutalized by the Good Samaritan Police and medical staff on January 29, 2007" (Doc. #1, ¶9). Plaintiff further claims that the police at Good Samaritan Hospital "attempted to abduct Larry E. Ealy on that night however kidnapping the wrong Larry Ealy" (Doc. #1, ¶10). Additionally, Plaintiff argues that Defendants conspired to keep Plaintiff's son incarcerated by using R.C. 2323.52. (Doc. #1, ¶10).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff brings before the Court three (3) Causes of Action. The first, Plaintiff contends that the Defendants conspired in order to "deprive the Plaintiffs son of his due process rights were he is totally disabled due to the Hospital attack" (Doc. #1, ¶11). Furthermore, Plaintiff asserts that the Defendants utilized a prior case, one pertaining to the Plaintiff, in order to "sustain illegal and false detention sustaining criminal acts not protected under the Cannons of Judicial conduct" (Doc. #1, ¶11). The second Cause of Action states that Larry L. Ealy was assaulted by the Good Samaritan Police in the presence of his Court appointed attorney Aaron Durden, Larry E. Ealy, and Belinda S. Ealy. Additionally, this assault was "retaliation reprisal conspiracy and due process violations to intentionally infliction pain and suffering" (Doc. #1, ¶12). Plaintiff's third Cause of Action claims that Attorney Aaron Durden conspired to incarcerate Larry L. Ealy. Attorney Aaron Durden is accused of legal malpractice and ineffectiveness of counsel through his conspiracy and allowing racial discrimination.

Plaintiff seeks issuance of funds in excess of 10 million dollars damages "for the attack against the United States Constitution and Bill of Rights pursuant to the 5, and 14 Amendments." (Doc. 1, ¶17).

## II. STANDARDS OF REVIEW

By enacting the original *in forma pauperis* statute, Congress recognizes that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams*, 490 U.S. 319. 324 (1989))**.** To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §191(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law. *See Neitzke*, 490 U.S. at 328-29. If it does not, it is frivolous or malicious and subject to dismissal. *See id.; see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton*, 504 U.S. at 32; *see also Lawler*, 898

F. 2d at 1199.

Congress has also authorized the dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if - accepting the factual allegations as true and liberally construing them in the plaintiff's favor - it appears '"beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F. 3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F 3d 373, 377 (6th Cir. 1995).

### III.   ANALYSIS

In the present case, Plaintiff's factual allegations, although not plainly delusional, fail to state a claim with an arguable basis in law. The Plaintiff does not sufficiently justify standing under Article III of the United States Constitution. In order for a Plaintiff to establish standing under Article III, that individual must maintain three (3) requirements. "To satisfy Article III's standing requirements, a plaintiff must show: '(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' " *Loren v. Blue Cross & Blue Shield of Mich* 505 F.3d 598 (6th Cir. 2007)(quoting *Cleveland Branch NAACP v. City of Parma*, 263 F. 3d 513, 523-24 (6th Cir. 2001)). The claim fails to show that Plaintiff has suffered an "injury in fact". In the instant case, the Plaintiff alleges happenings which pertain to the Plaintiff's son and not to the Plaintiff himself. Therefore, there is no concrete injury which did occur or which will occur to the Plaintiff as a result of the proposed actions of the Defendants. In considering the second requirement for Article III, since there was no sustainable injury to the Plaintiff, no injury can be traced back to the alleged actions of the Defendants. Furthermore, should a decision be made in favor of the Plaintiff, no injury could be redressed since there was no injury to the Plaintiff.

Additionally, in order to invoke the Court's federal question jurisdiction by raising a claim under 42 U.S.C. §1983, Plaintiff must allege facts showing that the person engaging in the alleged conduct acted under color of state law and that the alleged conduct deprived Plaintiff of

some right secured by the Constitution or laws of the United States. *See Markva v. Haveman*, 317 F. 3d 547, 552 (6th Cir. 2003). Since the claim does not demonstrate that the Good Samaritan Hospital police acted under color of state law, Plaintiff's allegations are insufficient to establish an actionable claim under §1983.

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §1915(e)(2)(B).


**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff - a non-prisoner - would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F. 3d 800, 803 (6th Cir. 1999); and

3. The case be terminated on the docket of this Court.


February 23, 2009

                s/Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).