# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:09cv00056 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| JUDGE ALICE O'McCULLUM, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy brought this case pro se claiming, in part, that Defendants violated his rights under the Fourth Amendment to the United States Constitution. On March 16, 2009, the Clerk of Court entered Judgment against Plaintiff pursuant to the Decision and Entry docketed that same day. (Doc. #s 2-4). The case is presently before the Court upon Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. #8), his Notice of Appeal (Doc. # 9), and the record as a whole.

In all cases where the appellant seeks to proceed *in forma pauperis*, the United States Court of Appeals for the Sixth Circuit requires the district courts within this Circuit to determine whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

In the present case, the Court previously reviewed Plaintiff's Complaint *sua sponte*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

and concluded that it failed to state a claim with an arguable basis in law. (Doc. #s 2, 3). The Court therefore dismissed Plaintiff's Complaint as frivolous under §1915(e)(2)(B)(1) and for failing to state a claim under §1915(e)(2)(B)(2). And the Court certified that an appeal of that Decision would not be taken in good faith. (Doc. #3).

Even if the Court had determined during its *sua sponte* review that Plaintiff's Complaint was not frivolous, such a preliminary finding would not have been conclusive regarding whether Plaintiff's present appeal is frivolous since the appeal is a separate proceeding. *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000); *see Spruill v. Temple Baptist Church*, 141 F.2d 137, 138 (D.C. Cir. 1944). If the district court permitted a party to proceed *in forma pauperis*, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies writing that an appeal would not be taken in good faith or the party is not otherwise entitled to proceed as a pauper. *See* Fed. R. App. P. 24(a)(3). If the district court denies the individual leave to proceed *in forma pauperis* on appeal, the party may file, within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. *See* Fed. R. App. P. 24(a)(5); *see also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (holding *Floyd*, 105 F.23d 274 as superceded in part by 1998 amendments to Fed. R. App. P. 24).

The test under 28 U.S.C. §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States*, 360 U.S. 438 (1962). Thus an appellant's good-faith subjective motivation for appealing is not relevant, but rather the issue is whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

Upon review of the record, including Plaintiff's Complaint and Notice of Appeal, Plaintiff's appeal of the Decision and Entry is not taken in good faith for the reasons set forth in the prior Report and Recommendations. *See* Doc. #s 2, 3. In addition, although the Court provided Plaintiff with written notice that he must file any Objections to the

Report and Recommendations within ten days, *see* Doc. #2 at 5, Plaintiff did not file any Objections to the Report and Recommendations, which the District Judge adopted in full upon a *sua sponte* review.  *See* Doc. #3. Given the lack of any Objections filed by Plaintiff, he has waived his right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)("a party shall file objections with the district court or else waive the right to appeal."); *see Thomas v. Arn,* 474 U.S. 140 (1985).  Plaintiff's lack of Objections also leave the present record void of any argument upon which it could be objectively concluded that a non-frivolous issue exists for appeal.

      Plaintiff's Notice of Appeal is also untimely, since it was filed on May 26, 2009, much more than thirty days (indeed, more than sixty days) after the Judgment was entered on March 16, 2009.  *See* Fed. R. App. P. 3(a)(1) and 4(a).

      Accordingly, Plaintiff's Motion To Proceed *In Forma Pauperis* lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

      Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. #8) be DENIED based on the Court's certification that Plaintiff's appeal of the Decision and Entry (Doc. #3) would be untimely, frivolous, and not taken in good faith.

June 1, 2009

                                                          s/ Sharon L. Ovington
                                                           Sharon L. Ovington
                                                 United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).